

FILED

2012 AUG -9 PM 12: 59

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL DEL TORO SANCHEZ

individually,

    Plaintiff,

vs.

CASE NO.: 3:12-CV-902-J-34SBT

CARDON HEALTHCARE NETWORK,
LLC, d/b/a CARDON OUTREACH

    Defendant.

_____/

## COMPLAINT

### COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 et seq.

### JURISDICTIONAL ALLEGATIONS

1. This civil action is instituted to recover statutory damages, court costs and attorney fees because of Defendant's failure to comply with the provisions of Title VIII of the Consumer Credit Protection Act (the "Fair Debt Collection Practices Act"), 15 U.S.C. § 1692 et seq. Jurisdiction of this court is invoked pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

2. Defendant is a debt collector doing business in this District.

Complaint, cont.
Case No:

3. At all times material the violations of the Fair Debt Collection Practices Act occurred in Duval County Florida.

4. Venue is proper in the Middle District Of Florida, Jacksonville Division and the Defendant is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. The Plaintiffs re-allege and incorporate by reference herein allegations contained in paragraphs one through four.

6. On or about July 9, 2012 and July 10, 2012 Plaintiff Angel Del Toro Sanchez, received correspondences from the Defendant claiming amounts due and owing from a third party in the amount of $49,338.00. See attached Composite Exhibit "A" and incorporated herein by reference. The July 10, 2012 correspondence directly requested the Defendant to be contacted "if you would like to pay your bill directly."

7. On or about July 12, 2012 the Plaintiff advised Defendant he was being represented by an attorney and to cease all further direct communication pursuant to the Fair Debt Collection Practices Act. See attached Exhibit "B" and incorporated herein by reference.

Complaint, cont.
Case No:

8. Notwithstanding the letter of representation, the Defendant continued to contact the Plaintiff directly regarding the amounts due and owing. See Attached Exhibit "C" and incorporated herein by reference.

9. The Defendant violated provision Title 15 U.S.C. 1692c (a)(2) prohibiting communication directly with a debtor if the debtor is represented by an attorney.

10. The Defendant's communication failed to comply with the notice of debt requirements under section 15 USC 1692g(a)(3)-(5).

11. The Defendant also failed to comply with 15 U.S.C. 1692e(11) by omitting it was attempting to collect a debt in any of its letters.

12. 15 U.S.C. § 1692k provides that any debt collector that fails to comply with the provisions of the Debt Collection Practices Act with regard to any person, is liable to such person in an amount equal to actual damages, statutory damages, together with costs and reasonable attorney fees.

Wherefore, Plaintiff prays the Court grant the following relief:

(1) Judgment against the Defendant for statutory damages, plus costs and attorney fees and actual damages proved at trial;

Complaint, cont.
Case No:

    (2)    Trial by jury on any issue of fact herein;

    (3)    For such other and further relief as may be just and appropriate.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER PROTECTION PRACTICES ACT, FLA. STAT. 559.55 ET SEQ.

### JURISDICTIONAL ALLEGATIONS

    13.    This civil action is instituted to recover statutory damages, court costs and attorney fees because of Defendant's failure to comply with the provisions of Title XXXIII, Chapter 559 of the Florida Consumer Protection Practices Act, Florida Statute 559.55 et seq. Jurisdiction of this court is invoked pursuant to Florida Statute 559.77(1).

    14.    Defendant is a debt collector doing business in Duval County Florida, and the violation of the Florida Consumer Protection Practices Act occurred in Duval County Florida, and is subject to the jurisdiction of this Court.

### GENERAL ALLEGATIONS

    15.    Plaintiffs alleges and incorporates by reference paragraphs one (1)

Complaint, cont.
Case No:

through eight (8) *supra*.

16. The Defendant's communication attached as Exhibit A was a willful only meant to abuse and harass the debtor under the totality of the circumstances in violation of Fla. Stat. 559.72(7).

17. The Defendant was also in violation of Fla. Stat. 559.72(18) by directly communicating with the Plaintiff notwithstanding the letter of representation.

18. Section 559.77 Florida Statute provides for actual damages and for additional statutory damages as the court may allow, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

19. The Defendant's conduct exhibited reckless indifference to the rights of the Plaintiff constituting an intentional violation of the Plaintiff's rights under the laws of Florida and such conduct was illegal. The Defendant's conduct exhibited such a reckless indifference toward the Plaintiff that an award of punitive damages is appropriate based on the record.

Complaint, cont.
Case No:

Wherefore, Plaintiff prays the Court grant the following relief:

(1)   Judgment against the Defendant for actual damages, statutory damages, plus costs and attorney fees and actual damages proved at trial;

(2)   An award of punitive damages

(3)   Trial by jury on any issue of fact herein;

(4)   For such other and further relief as may be just and appropriate.

20.   The Plaintiff demands a trial by jury on all issues so triable.

Dated this 7th day of August, 2012, Clay County, Florida.

Law Office of Bohdan Neswiacheny

_____
Sean C. Barber, Esq.
Fla. Bar No.: 0680931
151 College Drive, Suite 1
Orange Park, FL 32065
Tel.: (904) 276-6171
Fax.: (904) 276-1751
Attorney for Plaintiffs
sbarber@bnlaw.com