71988-10/30223327

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL DEL TORO SANCHEZ,
Plaintiff,

v.                                                    CASE NO.: 3:12-CV-902-J-34JBT

CARDON HEALTHCARE
NETWORK, L.L.C. d/b/a CARDON
OUTREACH,

Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Cardon Healthcare Network, LLC d/b/a Cardon Outreach, hereby files

its Motion to Dismiss Plaintiff's Complaint with prejudice and states as follows:

1.      On or about August 9, 2012 Plaintiff filed a Complaint against Defendant

seeking relief under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§1692 *et seq* and the Florida Consumer Protection Practices Act ("FCCPA"), Florida

Statutes section 559.55 *et. seq.*

2.      Plaintiff's Complaint should be dismissed with prejudice because

Defendant's conduct was not debt collection activity in connection with the collection of

any debt.  Liability under 15 U.S.C. sections 1692c, 1692e, and 1692g all require that the

communication be in connection with the collection of a debt.  Likewise, the letters do

not violate the FCCPA because they were not sent by Defendant in collecting a consumer

debt.

CASE NO.: 3:12-CV-902-J-34JBT

3.      Defendant is a business associate of Shands Jacksonville Medical Center and contracted to provide third party liability reimbursement services.  See Pl. Compl., Ex. C.  The letters were to advise Plaintiff of the existence of a medical lien and request that Plaintiff keep Defendant informed of the status of Plaintiff's claim or case. Furthermore, the letter does not make a demand for payment.  Id.   The exhibits to the Complaint are considered part of the Complaint for all purposes and, where the exhibits contradict the general and conclusory allegations of the Complaint, the exhibits govern. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007).

4.      It is clear from the Complaint and exhibits attached thereto that the Complaint fails to state a cause of action for violation of the FDCPA and FCCPA and should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

5.      Additionally, assuming for the sake of argument that the letters in Composite Exhibit A were sent in collecting a  consumer debt, the letters do not violate section 559.72(7) as a matter of law.

WHEREFORE, for the foregoing reasons and based on the argument and authority in the following Memorandum of Law, all of Plaintiff's claims should be dismissed with prejudice for failure to state a cause of action.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### Introduction and Summary of Argument

Plaintiff's Complaint mischaracterizes the letters sent to Plaintiff as communication in connection with collection of a debt.  The FDCPA and FCCPA do not apply to the letters sent by Defendant because the letters were not sent in connection with the collection of a debt.  As such, the letters are not subject to the FDCPA or FCCPA.

CASE NO.: 3:12-CV-902-J-34JBT

The substance of the letters contradicts any general or conclusory allegation by Plaintiff that the letters constituted collection activity.

On July 9, 2012, Defendant sent a letter to Plaintiff regarding a medical lien. See Pl. Compl., Ex. A. The letter was informative in nature, advised Plaintiff of the existence of a lien, and requested information on the status of Plaintiff's claim or case in a separate matte legal matter. The letter does not make a demand for payment and does not set forth any payment deadlines. On July 10, 2012, Plaintiff received a letter stating "This is not a bill, but a reminder of your outstanding balance with Shands Jacksonville Medical Center." See Pl. Compl. Ex. B. The letter memorialized that Plaintiff was pursuing an accident claim. Like the July 9, 2012 letter, there was no demand for payment and the letter clearly stated "[t]his is not a bill . . ." The letter invited Plaintiff to contact Defendant if Plaintiff had any questions, any information regarding the resolution of the accident claim, or if Plaintiff desired to pay the bill directly.

On July 11, 2012, Plaintiff's counsel sent a letter asking that Defendant no longer contact Plaintiff regarding any lien collection efforts. To be clear, neither the July 9, 2012 or July 10, 2012 letters were collection activities in connection with a debt. This is revealed by a plain reading of the letters. On July 16, 2012, Defendant sent Plaintiff a letter, attached as Exhibit C to the Complaint, which advised Plaintiff that a lien existed and requested that Plaintiff keep Defendant informed of the status of the automotive claim. The letter did not demand payment, did not set forth any deadlines for a response and did not allege that Plaintiff owed a debt that was in default. The July 16, 2012 letter was merely informative and not collection activity.

CASE NO.: 3:12-CV-902-J-34JBT

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The exhibits to the Complaint are considered part of the Complaint for all purposes and, where the exhibits contradict the general and conclusory allegations of the Complaint, the exhibits govern. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). When reviewing a motion to dismiss, a court must accept all factual allegations contained in a complaint as true, and view the facts in a light most favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The Court engages in a two-step approach: "'When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Ehlen Floor Covering, Inc. v. Lamb, 2010 WL 1742105, *1 (M.D. Fla. Apr. 29, 2010) (internal citations omitted). "Alternatively, dismissal is warranted if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." Id. citing Neitzke v. Williams, 490 U.S. 319 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009–10 (11th Cir.1992).

**Argument**

**A.  None of the letters attached to Plaintiff's Complaint are communications in connection with the collection of a debt, therefore, the FDCPA and FCCPA claims should be dismissed with prejudice.**

Defendant's letters are not communications in connection with the collection of a debt. As such, Plaintiff's claims against Defendant should be dismissed with prejudice. A plain reading of the letters reveals that they are not debt collection communications. Rather, the letters provide and seek information related to a hospital lien. They do not

CASE NO.: 3:12-CV-902-J-34JBT

demand payment or relate to Defendant's attempt to collect a debt from Plaintiff.  A similar circumstance was considered in Bailey v. Sec. Nat. Servicing Corp., 154 F.3d 384, 388-89 (7th Cir. 1998).  In Bailey, the court held that letters where not in connection with the collection of a debt where the letters did not demand any payment, merely informed a debtor about the current status of their account, provided due dates of the next four payments and warned debtors that if they failed to pay full amount of payments under forbearance agreement, immediate payment in full under defaulted original note would be required.  Id.

   The letters from Defendant in the case at bar are similarly not in connection with the collection of a debt.  Like the letters in Bailey, the letters in the instant case are not in connection with a debt and therefore cannot trigger liability under the FDCPA.  The Court may determine, as a matter of law, whether a communication is a communication in connection with debt collection.  Parker v. Midland Credit Mgmt., Inc., 2012 WL 2226452 (M.D. Fla. June 15, 2012).  In Parker a self-identified debt collector sent a letter advising the consumer that the debt had been assigned, the letter stated it was not an attempt to collect a debt, and did not include a demand for payment or any terms of payment or deadlines for payment.  The Court held that the letter was not in connection with the collection of any debt.  Id. at *6.  Assuming that Defendant is a debt collector, an allegation disputed by Defendant, the letters are not actionable under 15 U.S.C. section 1692c, 1692e or 1692g.  See also Santoro v. CTC Foreclosure Serv., 12 F. App'x 476, 480 (9th Cir. 2001) (A letter suggesting loan workout options is not seeking to collect the debt.).

CASE NO.: 3:12-CV-902-J-34JBT

With respect to the state law based FCCPA claims, Plaintiff's claims also fail to state a cause of action. A threshold consideration is whether the alleged conduct qualifies as "debt collection" under the FCCPA. See e.g. Trent v. Mortgage Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (granting a motion to dismiss claims brought pursuant to the FCCPA because filing a lawsuit for a debt was not "debt collection" under the FCCPA). Florida Statute section 559.72 requires that the enumerated prohibited conduct be related to collecting consumer debts and the letters at issue were not.

The letters attached to Plaintiff's Complaint are not in connection with the collection of a debt. Accordingly, the FDCPA and FCCPA do not apply to the letters attached to Plaintiff's Complaint. Plaintiff has failed to state a cause of action and the claims should be dismissed. See F.R.C.P. 12(b)(6). The factual allegations of Complaint, including the contents of the exhibits, provide a dispositive legal issue which precludes relief and warrant dismissal of Plaintiff's FDCPA and FCCPA claims.

**B. The July 9, 2012 letter is does not violate Florida Statute section 559.72(7) as a matter of law and Plaintiff has therefore failed to state a cause of action.**

Subject to and without waiving the foregoing argument that the FCCPA does not apply to the letters at issue in this case, the Court may determine as a matter of law that the July 9, 2012 letter does not violate section 559.72(7). The Court need not address the substance of the letters if it finds that the letters do not constitute collection activity as argued above in section A of this memorandum.

Plaintiff alleges that a July 9, 2012 letter and July 10, 2012 letter, attached to the Complaint as Composite Exhibit A, violates section 559.72(7). See Pl. Compl. at ¶16. However, the two purported communications do not violate section 559.72(7) as a matter

CASE NO.: 3:12-CV-902-J-34JBT

of law and Plaintiff's Complaint therefore fails to state a cause of action.  Florida Statute

section 559.72(7) prohibits, in collecting consumer debts, "[communicating] with the

debtor or any member of her or his family with such frequency as can reasonably be

expected to harass the debtor or her or his family, or willfully engage in other conduct

which can reasonably be expected to abuse or harass the debtor or any member of her or

his family." Fla. Stat. Ann. § 559.72(7) (West 2011).

Several cases provide support that Defendant's two letters do not, as a matter of

law, rise to the level of harassing required by the statute.  For example, in Desmond v.

Accounts Receivable Management, 18 calls over a 3 month period were held not

harassing as a matter of law. 72 So. 3d 179, 181 (Fla. 2d DCA 2011).  The Court in

Desmond compared the debt collector's call frequency to that of another case involving

100 calls made over a 5 month period.  Id. citing Story v. J.M. Fields, Inc., 343 So.2d

675, 677 (Fla. 1st DCA 1977) (100 calls over a 5 month period creates a jury question

with respect to §559.72(7)). The Second District Court of Appeal held that 18 calls was

not harassing and that their frequency did not rise to the magnitude necessary to violate

§559.72(7). See also Schauer v. Morse Operations, Inc., 5 So. 3d 2, 5 (Fla. 4th DCA

2009) (seven phone calls over a six month period did not violate 559.72(7) as a matter of

law).

Furthermore, the FCCPA provides that in construing its provisions, "due

consideration and great weight shall be given to the interpretation of the Federal Trade

Commission and the federal courts relating to the [FDCPA]." Fla. Stat. Ann. §559.77(5)

(West 2012).  Federal decisions interpreting the substantively similar federal statute, 15

CASE NO.: 3:12-CV-902-J-34JBT

U.S.C. section 1692d, support the dismissal of Plaintiff's section 559.72(7) claim as well.

15 U.S.C. 1692d(5) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Federal court decisions interpreting the federal statute provide additional support that Defendant's alleged communications were not harassing as a matter of law. See e.g. Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). In Jeter, the Court affirmed the district court's granting summary judgment in favor of a debt collector and held that two letters sent in connection with the collection of a debt did not, as a matter of law, violate 1692d. Id. The Court in Jeter noted that "[o]rdinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury. Nevertheless, Congress has indicated its desire for the courts to structure the confines of § 1692d." Id. at 1180. See also Tucker v. CBE Group, Inc., 710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010) (57 phone calls did not violate federal statute as a matter of law where the debt collector never spoke to Plaintiff and made no more than 7 calls per day); Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210, 1218 (M.D. Fla. 2010) (granting summary judgment on behalf of the debt collector where 16 calls were made to the debtor's cell phone over the course of two years); Druschel v. CCB Credit Svcs., Inc., 2011 WL 2681637 , *4 (M.D. Fla. June 14, 2011) (14 calls in one month does not rise to the level of egregiousness necessary to be considered harassing, annoying, or oppressing in violation of 1692d); Pugliese v. Professional Recovery Services, Inc., 2010 WL 2632562, *9-10 (N.D. Ohio Dec. 6, 2011) (350 calls over 8 month period not violative of 1692d(5)); Tarrant v.

CASE NO.: 3:12-CV-902-J-34JBT

<u>Northland Group, Inc.</u>, 2012 WL 140431, *6 (Jan. 18, 2012) (<u>39 calls over a 4 month</u>

<u>period signified a difficulty in reaching the debtor rather than an intent to harass</u>).

Based on the foregoing, the two letters sent to Plaintiff do not rise to the level of

harassment required by Florida Statute section 559.72(7).   Accordingly, Plaintiff

Complaint fails to state a cause of action for violation of section 559.72(7) assuming, for

the sake of argument, that Defendant's letters constitute communication in connection

with collection of a debt.

Respectfully submitted,

/s/ Richard L. Lasseter
Florida Bar No. 715026
Rramsey@wickersmith.com
Richard L. Lasseter, Esquire
Florida Bar No. 67886
WICKER, SMITH, O'HARA,
   McCOY & FORD, P.A.
Attorneys for  Cardon Healthcare Network,
L.L.C. d/b/a Cardon Outreach
50 N. Laura St., Suite 2700
Jacksonville, FL  32202
Phone: (904) 355-0225
Fax: (904) 355-0226
E-mail: Rlasseter@wickersmith.com

I HEREBY CERTIFY that on September 17, 2012, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the

foregoing document is being served this day on all counsel of record identified on the

attached Service List in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic

Filing.

CASE NO.: 3:12-CV-902-J-34JBT

*/s/ Richard L. Lasseter*
Florida Bar No. 715026
Rramsey@wickersmith.com
Richard L. Lasseter, Esquire
Florida Bar No. 67886
WICKER, SMITH, O'HARA,
    McCOY & FORD, P.A.
Attorneys for  Cardon Healthcare Network,
L.L.C. d/b/a Cardon Outreach
50 N. Laura St., Suite 2700
Jacksonville, FL   32202
Phone: (904) 355-0225
Fax: (904) 355-0226
E-mail:  Rlasseter@wickersmith.com