UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ANGEL DEL TORO SANCHEZ,**

    **Plaintiff,**

v.                                                   Case No.: 3: 12-CV-902-J-34JBT

**CARDON HEALTCARE NETWORK, LLC**
**d/b/a CARDON OUTREACH,**

    **Defendant.**

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

The Plaintiff files his response in opposition to Defendant's Motion to Dismiss and supporting memorandum of law, and states the following:

1.  The Plaintiff's complaint unequivocally states a cause of action against the Defendant for violations under the Fair Debt Collection Practices Act (hereinafter the FDCPA) and therefore the case should not be dismissed with prejudice.

2.  In order to state a cause of action for FDCPA violations the plaintiff must allege (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. <u>Bently v. Bank of America, N.A.</u>,773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011).

3.  Similarly the Plaintiff states a cause of action under the Florida Consumer

Collection Practices Act because the Defendant was advised the Plaintiff was represented by an attorney, and the Defendant violated the Florida Consumer Collection Practices Act by directly communicating with the Plaintiff notwithstanding the attorney representation letter thus rising to the level of harassment.  Florida Statute section 559.72(7) and (18) (2011). See <u>Bently</u>, 773 F. Supp. 2d at 1372.

   4. As a general rule to survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations which are enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  The Plaintiff, however, does not need to plead detailed factual allegations but is required to plead more than labels and conclusions, and formulaic recitation of the elements. <u>Id.</u> at 1370.

   5. A review of the complaint reveals that the allegations taken as true allege the Defendant was a debt collector within the meaning of the FDCPA, and that it was attempting to collect a debt from the Plaintiff.  The Defendant was in violation of the FDCPA by continuing to communicate with the Plaintiff although it was advised that the Plaintiff was being represented by an attorney, and it also violated the FDCPA by failing to include language that the defendant was "attempting to collect a debt."

   6. Similarly the Plaintiff states a cause of action under the Florida Consumer Collection Practices Act for communicating with the Plaintiff notwithstanding the notice of attorney representation.  Furthermore the Defendant continued to communicate with the Plaintiff with intentional disregard of the attorney representation rising to the level of harassment.

## **MEMORANDUM OF LAW**

At issue in this case are the communications attached to the Plaintiff's complaint Exhibits

Plaintiff's Response In Opposition, cont.
Case No.: 3: 12-CV-902-MMH-JBT

A, B, and C. The letter dated July 9, 2012 states that the Defendant is a business contracted to "provide third partly liability reimbursement services." The Defendant acknowledges this role in its motion to dismiss in paragraph three. (Dkt. 5, ¶ 3). In other words the clause is nothing more than a fancy way of saying the defendant is a "debt collector."

The July 9, 2012 letter enclosed a lien for amounts due and owing. The letter further goes on to state that "our client reserves the right to recover the full balance due in this matter and receipt of this lien does not constitute a waiver of any of our client's other available collection remedies." Plaintiff's Exhibit A.

The letter dated July 10, 2012 also includes the amounts due and owing to the third party. The letter states the amounts due and owing is "still your responsibility," and "the balance will remain your responsibility as you are listed as the guarantor on the account." The letter concludes "Please contact me . . . if you would like to pay your bill directly."

Based on the foregoing, such statements constitute bill collection activities that trigger the FDCPA and the Florida Consumer Collection Practices Act.

Under the Fair Debt Collection Practices Act a debt collector is defined as a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6) (2011). Based on the letters the Defendant represents itself as a business contracted by a third party to seek reimbursement of amounts owed and therefore is a debt collector within the meaning of the FDCPA. Plaintiff's Exhibit A.

Plaintiff's Response In Opposition, cont.
Case No.: 3: 12-CV-902-MMH-JBT

The Defendant argues that the letters do not constitute debt collection activity because the letters do not make demand for payment.  (Dkt. 5, ¶s 2 and 3).  Contrary to the Defendant's assertions the letters do in fact constitute debt collection activity.  The Seventh Circuit Court of Appeals stated that the absence of a demand for payment in a communication is not dispositive of whether the activity constitutes an attempt to collect a debt.  Horkey v. J.V.D.B. & Assoc., Inc., 333 F.3d 769 (7th Cir. 2003)(holding the debt collector's abusive remarks not in connection with debt collection still triggered the FDCPA); Gburek v. Litton Loan Servicing LP., 614 F. 3d 380 (7th Cir. 2010)(holding the defendant made numerous communications with the debtor in connection with debt collection because it intended the communications to cause the debtor to settle or discuss the debt).

The Sixth Circuit Court of Appeals enumerated a test to determine if a communication constitutes debt collection activity triggering the application of the FDCPA.  The Sixth Circuit in Grden v. Leikin, Ingber, & Winters PC, 643 F. 3d 169, 173 (6th Cir. 2011) stated:

> for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor. . . .  A letter that is not itself a collection attempt, but that aims to make a such an attempt more likely to succeed, is one that has the requisite connection.

Thus the letters that were provided by the Defendant were more that just informational letters advising the Plaintiff of the debt.  The letters solicited the Plaintiff to contact it to discuss the debt and to make payment directly to it and each letter included lien amounts owed to the third party.  Such communications were more likely to succeed in the settlement of the debt owed to the third party.

Plaintiff's Response In Opposition, cont.
Case No.: 3: 12-CV-902-MMH-JBT

Based on the totality of the circumstances the letters were sent to the Plaintiff soliciting the Plaintiff to contact the Defendant to discuss the debt, and to keep it apprised in order to ensure payment of the liens due and owing.  Thus such letters triggered the application of the FDCPA and the Florida Consumer Collection Practices Act, and under the statutes the Plaintiff has stated a cause of action that withstands a Rule 12(b)(6) motion to dismiss.

WHEREFORE, the Plaintiff responds to the Defendant's motion to dismiss and moves the Court to deny its motion.

Dated this 23rd day of September, 2012 in Clay County Florida.

**THE LAW OFFICE OF BOHDAN NESWIACHENY**

/s/ Sean C. Barber
**SEAN C. BARBER, ESQUIRE**
Fla. Bar No.: 0680931
151 College Drive, Suite 1
Orange Park, Florida, 32056
Telephone:  904-276-6171
Fax:  904-276-1751
E-mail:  sbarber@bnlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to: Richard L. Lasseter, Esq. Wicker, Smith, O'hara, McCoy & Ford, P.A., 50 N. Laura St. Suite 2700, Jacksonville, FL 32202, by electronic transmission using the CM/ECF electronic filing system, and U.S. Mail  this 23rd  day of September, 2012

/s/ Sean C. Barber
**ATTORNEY**