UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL DEL TORO SANCHEZ,

    Plaintiff,

v.                                          CASE NO. 3:12-cv-902-J-34JBT

CARDON HEALTHCARE NETWORK,
LLC, d/b/a CARDON OUTREACH,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Defendant to Produce Documents ("Motion") (Doc. 23) and Defendant's Response thereto ("Response") (Doc. 25). For the reasons that follow, Plaintiff's Motion is due to be denied.

**I.    Background**

Plaintiff sues Defendant for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–92p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. (Doc. 1.) Plaintiff alleges (1) that Defendant (a debt collector) communicated with Plaintiff (a debtor) despite knowing that Plaintiff was represented by an attorney; (2) that Defendant's letters failed to include certain notices that the law requires; (3) that one of Defendant's letters was "only meant to abuse and harass the debtor under the totality of the circumstances in violation of [the FCCPA];" and (4) that Defendant

acted with reckless indifference to the law, entitling Plaintiff to punitive damages under the FCCPA. (*Id.* at 3 & 5.)

Plaintiff's Motion seeks to compel production of portions of the personnel files of two of Defendant's employees, Latonia Howard and Terry Bryant. (Doc. 23 at 1-2.) Specifically, Plaintiff's Motion seeks an order from this Court compelling Defendant to respond to items 3 and 4 of his First Request to Produce. (*Id.* at 1.) These items ask for "[a] complete copy of Latonia Howard's [and Terry Bryant's] employee personnel file[s], excluding all personally identifiable information." (*Id.* at 1-2.) However, Plaintiff has narrowed his requests to only certain portions of the subject personnel files, *i.e.*, "performance reviews, records of training related to third party liability reimbursement services, disciplinary records, monetary or non-monetary recognition or accolades, promotions or demotions, and records of bonuses for employees referenced in the requests."[1] (*Id.* at 2.)

Defendant objected to these requests, offering as grounds that the requests are overly broad both in scope and in time, seek irrelevant information, request

---

[1] Plaintiff's first Motion to Compel (Doc. 16) was denied without prejudice for failure to confer pursuant to Local Rule 3.01(g), by an Order dated April 19, 2013 (Doc. 17). The Order directed the parties to confer in person or by telephone and to file, on or before May 2, 2013, a joint report regarding the results of the conference as to each item in dispute. (*Id.* at 2.) On April 30, 2013, the parties filed a Joint Report stating, *inter alia*, that they have resolved their dispute with respect to all but two of Plaintiff's discovery requests, namely, items 3 and 4 of Plaintiff's First Request to Produce. (Doc. 18.) On May 6, 2013, the Court entered an Order directing Plaintiff to file, by May 13, 2013, a new motion to compel if he wished to compel production of the subject items. (Doc. 21.) On May 7, 2013, Plaintiff filed the present Motion (Doc. 23) to which Defendant responded on May 13, 2013 (Doc. 25).

confidential information, and are not reasonably calculated to lead to discovery of admissible evidence. (Doc. 25.) In its Response, Defendant states that it "maintains its objections that the new proposed categories are overly broad in scope and not limited in timeframe," but Defendant otherwise addresses its supporting memorandum only to its relevancy objection. (*Id.* at 4-6.)

Plaintiff contends that the employment records he seeks are relevant because Howard and Bryant are alleged to have sent the offending letters, and their personnel files may show whether they "complied with or departed from the Defendant's own policies and procedures" when they did so. (Doc. 23 at 3.) To this, Defendant responds—

> Whether or not the employees complied with or departed from Defendant's policies and procedures has nothing to do with the issues presented by Plaintiff's claim. Those issues include whether Defendant is a debt-collector; whether Defendant was engaged in debt collection activity; whether a debt collection communication was sent by Defendant to Plaintiff after Plaintiff was represented regarding the allege[d] debt and Plaintiff's counsel sent his "cease and desist" letter to Defendant; whether the letters sent by Defendant meet the notice requirements of the FDCPA; whether the letters disclose that a debt was being collected; and whether the communications attached to Plaintiff's Complaint are harassing and abusive.

(Doc. 25 at 4.)

**II.    Discussion**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1). "Generally, the party resisting

3

discovery bears the burden of demonstrating that the requested discovery falls outside the scope of relevancy under Rule 26." *S.E.C v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012). "When the relevancy of information sought cannot be discerned from a review of the discovery request, however, the party seeking to compel responses must demonstrate relevancy." *Id.*

Further, while personnel records may be discovered in appropriate circumstances, *see, e.g.*, *Moss v. Geico Indemnity Co.*, Case No. 5:10-cv-104-Oc-10TBS, 2012 WL 682450, at *6 (M.D. Fla. Mar. 2, 2012); *Platypus Wear, Inc. v. Clarke Modet & Co.*, Case No. 06-20976-CIV, 2007 WL 4557158, at *11 (S.D. Fla. Dec. 21, 2007), decisions both within and outside this circuit suggest that such files should be treated with special sensitivity. *See Moss,* 2012 WL 682450, at *5 (citing *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 685 (M.D. Ala. 1998) for the proposition that "courts have recognized a 'heightened standard of relevance' for discovery of information contained in personnel files"); *see also Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("[P]ersonnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy nilly.").

Here, the Court cannot discern the relevancy of the subject personnel files to this litigation from the face of Plaintiff's discovery request. *See BankAtlantic*, 285 F.R.D. at 666. Plaintiff therefore carries the burden of establishing it. *See id.* Plaintiff's Motion has not met this burden. Plaintiff states only that the information

is discoverable "because it bears upon the employee's performance with the Defendant" and that, because Howard and Bryant sent the letters at issue, "their employment performance with Defendant are [sic] at issue, namely if they either complied or departed from the Defendant's own policies and procedures." (Doc. 23 at 3.)  However, Plaintiff does not show how Defendant's compliance or non-compliance with its own policies and procedures has any relevancy to his claim or any defense.  Plaintiff has therefore not met his burden.[2]

Accordingly, it is **ORDERED**:

Plaintiff's Motion (**Doc. 23**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 29, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

---

[2] Although the Court is denying the Motion, it finds Plaintiff's position "substantially justified," and, therefore, will not award expenses.  Fed. R. Civ. P. 37(a)(5).